UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF BELLE CHASSE MARINE TRANSPORTATION INC.

CIVIL ACTION

NO. 18-9958

SECTION "R" (2)

## ORDER AND REASONS

Before the Court is limitation claimant Carnell Pendleton's motion to remand or to lift the stay on his limitation claim against Belle Chasse Marine Transportation Incorporated.[1]  The Court denies the motion because Pendleton has not made the required stipulations protecting Belle Chasse's limitation rights.

## I. BACKGROUND

This is a limitation action arising from an incident on the Mississippi River that occurred on February 12, 2018.[2]  Defendant-in-limitation Belle Chasse is the owner and operator of the M/V ROB KONRAD.  On October 25, 2018, Belle Chasse filed a complaint for exoneration from or limitation of

---

[1] R. Doc. 15.
[2] *See* R. Doc. 1.

liability after an incident in which the M/V ROB KONRAD ran aground a quarter mile south of Mile Marker 115 in Kenner, Louisiana.[3] The complaint alleges that the value of the M/V ROB KONRAD is $178,000.[4]

After proper notice to all possible claimants, only Pendleton timely filed a claim against Belle Chasse in the limitation action.[5] Pendleton had previously filed an action in the 24th Judicial District Court in Jefferson Parish relating to the same incident.[6] On January 30, 2019, the Court granted an entry of default against all other potential claimants.[7]

Pendleton has now moved to remand or lift the stay against his claim because the value of his claim does not exceed the value of the vessel, and because he wishes to litigate in state court.[8] Belle Chasse opposes the motion.[9]

## II. DISCUSSION

The Limited Liability Act, 46 U.S.C. § 30501, *et seq.*, (the "Limitation Act") allows a shipowner, who lacks privity or knowledge, to limit liability for

---

[3] *Id.* at 2 ¶ 6.
[4] *Id.* at 4 ¶ 12.
[5] *See* R. Doc. 8.
[6] *See* R. Doc. 15 at 1; R. Doc. 18 at 1.
[7] R. Doc. 12.
[8] R. Doc. 15.
[9] R. Doc. 18.

damages arising from a maritime accident to "the value of the vessel and pending freight." 46 U.S.C. § 30505. By congressional design, the Limitation Act is designed to protect shipowners when the losses claimed exceed the value of the vessel and freight. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). "A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause," because the clause "evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (citing 28 U.S.C. § 1333(1) (giving federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "saving to suitors in all cases all other remedies to which they are otherwise entitled")). In light of the saving to suitors clause, courts have allowed claimants to proceed in state actions "if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act." *See In re Tetra Applied Techs. LP*, 362 F.3d 338, 341 (5th Cir. 2004). But "the [district] court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Odeco*, 74 F.3d at 674 (quoting *Magnolia Marine Transp. Co.*, 964 F.2d at 1575).

In balancing the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have identified two circumstances in which a district court must allow a state court action to proceed:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight; and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995)). *See also In re Tetra*, 362 F.3d at 341. Although shipowners may claim exoneration or a lack of liability in a limitation proceeding, a claimant need not stipulate to exclusive federal jurisdiction over issues relating to the owner's exoneration. *In re Tidewater, Inc.*, 249 F.3d 342, 346 (5th Cir. 2001). It is sufficient for a claimant to stipulate that (1) the claim does not exceed the limitation fund; (2) the shipowner can relitigate issues relating to the limitation of liability in federal court; and (3) the claimant waives any *res judicata* effect of the state court judgment on limitation issues. *In re Tetra*, 362 F.3d at 341-43. Once a claimant has adequately stipulated to the federal court's exclusive jurisdiction to determine issues related to the limitation

4

action, the federal court must allow the claimant to proceed in state court. *Id.* at 343.

Here, Pendleton has styled his motion as a motion to remand and/or lift the stay as to his claim.[10] Remand is not an appropriate remedy because the instant action was originally filed in federal court. *See In re Santa Fe Cruz, Inc.*, 535 F. Supp. 2d 853, 856 (S.D. Tex. 2009) (restyling limitation claimant's motion to remand as a motion to lift the court's injunction). The relief that Pendleton seeks is appropriately accomplished by lifting the Court's order, issued on October 26, 2018, restraining the prosecution of claims against Belle Chasse relating to the incident until the conclusion of the limitation proceedings.[11]

Turning to the merits of Pendleton's motion, the Court declines to lift the stay because Pendleton has failed to show that his claim does not exceed the value of the vessel, and because he has failed to properly file the necessary stipulations. Pendleton states in his motion to lift the stay that "he believes the value of his claim does not exceed the value of the vessel."[12] This statement, which is not supported by any evidence and does not bind Pendleton, is not enough for the Court to conclude that his claim does not

---

10    R. Doc. 15.
11    R. Doc. 4 at 2-3 ¶¶ 5-6.
12    R. Doc. 15 at 1.

exceed the declared value of the vessel. In instances where courts have lifted a stay on this basis, either the value of the claims has been certain, or the claimant has stipulated to their being less than the declared value of the vessel. *See, e.g.*, *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957) ("[H]ere there is no contention that there might be further claims; the value of the vessels is undisputed and the claims are fixed; it follows indubitably that the fund is sufficient to pay all claims in full."); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451-52 (2001) (holding that rights were adequately protected when claimant stipulated that his claim did not exceed the limitation fund). Without a binding stipulation or certainty as to the value of the claims, the Court cannot lift the stay, because it cannot ensure that the shipowner's rights under the Limitation Act will be protected. *See In re Tetra*, 362 F.3d at 341.

Further, while Pendleton attempted to file stipulations concerning the Court's exclusive jurisdiction over the limitation proceeding into the record, the stipulations were not properly filed.[13] The lack of valid stipulations protecting Belle Chasse's limitation rights prevents the Court from lifting the stay. Accordingly, the court must deny Pendleton's motion unless and until the proper stipulations are entered into the record.

---

13   R. Doc. 5; R. Doc. 6.

6

## III. CONCLUSION

For the foregoing reasons, Pendleton's motion is DENIED.

New Orleans, Louisiana, this __25th__ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE